IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DISTRICT

**MYRON POLLARD,**

    **PLAINTIFF,**

VS.                                                                          **CAUSE NO.:** 4:20cv166-GHD-JMV
                                                                        **Jury Trial Demanded**

**COAHOMA COUNTY, MISSISSIPPI,
COAHOMA COUNTY SHERIFF'S OFFICE,
and DEPUTY EDDIE EARL, in his
Official and Individual Capacity, and JOHN and
JANE DOES 1-10**

    **DEFENDANTS.**

**COMPLAINT**

    COMES NOW, the Plaintiff, Myron Pollard, by and through undersigned Counsel, filing this Complaint for Damages and in support thereof, would show this Honorable Court the following, to-wit:

**I.    INTRODUCTION**

    1.    This is an action against Defendants for federal constitutional violations and state law personal injuries suffered by Plaintiff as a result of their unlawful detention while Defendants acted under color of state law. Plaintiff brings this action for compensatory damages under 42 U.S.C. § 1983 because Defendants jointly and/or severally deprived Plaintiff of his federally-protected civil liberties and privileges to be free from unreasonable excessive force, to be free from unlawful search and seizure, and to be free from arrest without just cause. U.S. CONST. amends. IV, XIV.

    2.    As a direct consequence of the policies, practices, and procedures of the County of Coahoma (hereinafter "Defendant County"), Plaintiff was intentionally deprived of his constitutional

rights guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution. Defendant Eddie Earl and Defendant Deputies (collectively "Defendant Deputies")[1], acting within the course and scope of their employment with the County of Coahoma, and acting under color of state law, unjustifiably used excessive and unreasonable force, failed to intervene, and falsely arrested Plaintiff without probable cause and under circumstances where no reasonable Deputy would have done so. Under well-established law on the above violations, Defendant Deputies are not entitled to qualified or other immunity for these actions.

## II. JURISDICTION AND VENUE

3.     This action is brought pursuant to 42 U.S.C. § 1983 and § 1988 and the First, Fourth, and Fourteenth Amendment to the United States Constitution, made applicable to Defendants through the Fourteenth Amendment to the United States Constitution. This Court has jurisdiction over Plaintiff's claim under 28 U.S.C. § 1331 (federal question) and under 28 U.S.C. § 1343(a)(3) (civil rights). This Court further has jurisdiction over Plaintiff's state law claims under 28 U.S.C. §1367 (supplemental jurisdiction) as those claims form part of the same case or controversy under Article III of the United States Constitution.

4.     Venue is proper under 28 U.S.C. § 1391(b) because Defendant County is deemed to be chartered and incorporated in any judicial district in which it is subject to the Court's personal jurisdiction with respect to the civil action in question; Defendant Deputies are employees of Defendant County who acted in their official capacity or under color of legal authority; and all events, actions, and injuries giving rise to this claim occurred within the Northern District of Mississippi.

## III. PARTIES

---

[1] The true names and capacities of Defendant Deputies are currently unknown to Plaintiff who therefore sues these Defendants by assumed names. However, Defendant Deputies are believed to be individual deputies of Coahoma County Sheriff's Office. Plaintiff is informed and believes, and therefore alleges, that each of the Defendant Deputies violated Plaintiff's federal constitutional rights or is otherwise legally responsible in some other actionable manner for the events and happenings referred to in this Complaint, and that Plaintiff's injuries and damages as alleged in this Complaint were caused by that violation or wrongful conduct. Plaintiff will amend this Complaint and state the true names and/or capacities of Defendant Deputies when they have been ascertained.

5. Plaintiff, Myron Pollard (hereinafter "Plaintiff Pollard"), is an adult citizen of Phillips County, Arkansas, who resides at 1205 Highway 49, Apt. #13, West Helena, Arkansas 72390.

6. Defendant County is a municipality, duly incorporated under the laws of the State of Mississippi within the United States District for the Northern District of Mississippi and, as such, is a political subdivision of the State of Mississippi. Amongst its many functions, the Defendant County operates and maintains a law enforcement agency known as the Coahoma County Sheriff's Office (hereinafter "CCSO"). Defendant County is under a duty to operate its law enforcement activities in a lawful manner to preserve the peace and dignity of the County and the rights, privileges, and immunities guaranteed and secured to its residents and visitors pursuant to the Constitution and the laws of the State of Mississippi. Defendant County may be served with process by effectuating the same upon the Chancery Clerk for Coahoma County, Mississippi, at the Coahoma County Courthouse located at 115 1st St., #106, Clarksdale, Mississippi 38614.

7. Defendant CCSO is a subdivision of Coahoma County, Mississippi, and may be served with process through Sheriff Charles Jones, and/or the Chancery Clerk of Coahoma County, Mississippi.

8. Defendant Deputy Eddie Earl (hereinafter "Defendant Earl") is an individual employed in Coahoma County, Mississippi. The acts and omissions complained of herein arise from the conduct of Defendant Earl while he was acting under color of state law, and each act and omission was committed pursuant to Defendant Earl's employment and authority as a deputy with the CCSO. Defendant Earl is sued in his official and individual capacities. Defendant Earl may be served with process at the CCSO, which is located at 63 Sunflower Avenue, Clarksdale, Mississippi 38614.

9. Defendants John and Janes Does 1-10, whose identities are unknown to the Plaintiff at this time, are upon information and belief, deputies and/or employees of the CCSO. All allegations and claims asserted herein against the named Defendants are incorporated herein by reference against

John and Janes Does 1-10. Said John and Janes Does 1-10, when their identities are known, will be named and joined in this action, if necessary, pursuant to Federal Rules of Civil Procedure.

## IV. FACTS

10. On or about Tuesday, September 24, 2019, Plaintiff Pollard was operating his vehicle in Clarksdale, Coahoma County, Mississippi at approximately 4:00pm in the afternoon.

11. Defendant Earl initiated a traffic stop ordering Plaintiff Pollard to pull over for failing to signal when making a righthand turn.

12. Defendant Earl proceeded to inquire about Plaintiff Pollard's driver's license which Plaintiff Pollard provided to Defendant Earl.

13. Defendant Earl indicated that Plaintiff Pollard smelled of marijuana and proceeded to open Plaintiff Pollard's vehicle door and instructed Plaintiff Pollard to exit his vehicle.

14. While standing outside of his vehicle, Plaintiff Pollard placed his hands on top of his vehicle.

15. At this time, Defendant Earl shoved Plaintiff Pollard and, as Plaintiff Pollard was attempting to reposition his clothing, Defendant Earl yelled, "HE GOT A GUN".

16. Defendant Earl retrieved his firearm, at which time, Plaintiff Pollard shifted out of the way to avoid an immediate threat of harm, and Defendant Earl immediately opened fire striking Plaintiff Pollard in his left shoulder/arm, approximately 4" inches center of the humerus bone.

17. After shooting Plaintiff Pollard, Defendant Earl, with excessive force, placed Plaintiff Pollard in handcuffs which caused additional injuries to Plaintiff Pollard.

18. Plaintiff Pollard, never, at any time during this traffic stop, possessed a gun or took any action against Defendant Earl that would have caused Defendant Earl to believe that Plaintiff Pollard possessed a gun.

19. As a direct and proximate result of the injuries caused by Defendant Earl, Plaintiff

Pollard was transported, via air ambulance, to Regional One Health (formerly known as "The Med") in Memphis, Shelby County, Tennessee.

20. As a direct and proximate result of the injuries caused by Defendant Earl, Plaintiff Pollard required multiple surgeries during his three (3) week stay at Regional One Health.

21. As a direct and proximate cause of the aforementioned injuries, Plaintiff Pollard is still undergoing medical treatment and will continue to endure future medical treatment, future pain and suffering, as well as future medical expenses.

22. As a result thereof, Plaintiff Pollard is fearful of any future contact with law enforcement due to his encounter with Defendant Deputies.

## V. CIVIL RIGHTS CLAIM

23. Plaintiff realleges paragraphs 1 through 22 of this Complaint and incorporates them herein by reference.

24. The Civil Rights Act, codified as 42 U.S.C. § 1983, provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom or usage, of any state or territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or any other person within the jurisdiction thereof to the deprivation of any laws, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

25. Plaintiff alleges that Defendants, jointly and/or severally, deprived him of his Fourth and First Amendment rights, and those rights, privileges, and immunities secured by the Fifth and Eighth Amendments to the Constitution as incorporated and applied to the states through the Fourteenth Amendment. Defendants violated Plaintiff's rights in the following ways:

    A. By falsely arresting Plaintiff in violation of the Fourth Amendment and its reasonableness standard to be free from unreasonable, unlawful search and seizure, when no probable cause existed to make an arrest;

B. By using excessive force when detaining Plaintiff;

C. By failing to intervene while companion Defendant Deputy violated Plaintiff's constitutional rights.

D. By failing to provide supervision and/or proper training to prevent such incidents of excessive force and false arrest.

Defendants' violations of Plaintiff's constitutional rights resulted in his suffering and were a direct cause of his injuries.

### A. CLAIM ONE: 42 U.S.C. § 1983 — PEACE DEPUTY LIABILITY

#### 1. False Arrest

26. Plaintiff realleges paragraphs 1 through 25 of this Complaint and incorporates them herein by reference.

27. Plaintiff brings this claim against Defendants, individually as well as in their official capacity, pursuant to 42 U.S.C. § 1983 and for punitive damages.

28. At all material times, Defendant Deputies were acting under color of state law as agents and employees of Defendant County. Defendant Deputies wore their official CCSO uniform and were acting within the course and scope of their duties as Coahoma County Sheriff's Deputies at all times relevant during this cause of action.

29. Plaintiff demonstrates how Defendant Deputies violated his federal constitutional rights and civil liberties guaranteed by the Fourth and Fourteenth Amendments by falsely arresting him.

30. Defendant Deputies unlawfully acted under the color of state law to deprive Plaintiff of his Fourth Amendment right to be free from unlawful seizure by arresting Plaintiff without a warrant, without witnessing a criminal act, and without probable cause to believe a crime had occurred or was about to occur.

31. Defendant Deputies used and abused their badges and their authority bestowed by

CCSO to interfere with Plaintiff's liberty without reasonable and just cause in violation of the Fourth Amendment.

32. Defendant Deputies lacked probable cause to arrest Plaintiff based on the surrounding circumstances of his arrest.

33. At the time of the incident, there were no outstanding warrants for Plaintiff's arrest.

34. As a direct and proximate cause of this false arrest, Plaintiff suffered federal civil liberty violations, public humiliation, physical injury, medical expenses, lost wages, and mental and emotional distress.

### 2. Excessive Force

35. Plaintiff realleges paragraphs 1 through 34 of this Complaint and incorporates them herein by reference.

36. Plaintiff brings this claim against Defendants, individually as well as in their official capacity, pursuant to 42 U.S.C. § 1983 and for punitive damages.

37. At all material times, Defendant Deputies were acting under color of state law as agents and employees of Defendant County. Defendant Deputies wore their official CCSO uniform and were acting within the course and scope of their duties as Coahoma County Sheriff's Deputies at all times relevant to this cause of action.

38. Plaintiff asserts Defendant Deputies violated his federal constitutional guarantees of the Fourth Amendment, incorporated to the states by the Fourteenth Amendment, to be free from excessive force.

39. Force is excessive, and therefore violates the Fourth Amendment, if it is not reasonable considering the circumstances facing the Deputy. *See Graham v. Connor*, 490 U.S. 386, 398 (1989). The facts and circumstances of this case show that Defendant Earl's act of arresting Plaintiff was excessive and unreasonable.

40. Immediately after Defendant Earl stopped behind Plaintiff Pollard, exited his patrol vehicle, Plaintiff Pollard began to comply with Defendant Earl's demand.

41. At the time of the incident, Defendant Earl had no reason to believe Plaintiff was armed or dangerous.

42. Plaintiff made no violent movements towards Defendant Earl or any other person that could be interpreted as threatening.

43. Plaintiff made no verbal threats to Defendant Earl or any other person.

44. Plaintiff did not commit a criminal act in Defendant Earl's presence warranting arrest.

45. Despite these circumstances, Defendant Earl unreasonably shoved Plaintiff Pollard into his own vehicle.

46. Defendant Earl then, without warning and without probable cause or provocation, withdrew his duty weapon and shot Plaintiff Pollard, who was unarmed.

47. Plaintiff also suffered from a swollen and bruised wrist, excruciating pain, embarrassment, and humiliation due to Defendant Earl's excessive force.

48. Defendant Earl's actions were unreasonable and unwarranted under the circumstances when comparing or balancing the amount of force used against the need for the force under the current circumstances.

49. Therefore, by using subjectively and objectively unreasonable force while acting under color of state law, Defendant Earl violated Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution.

50. As a direct and proximate cause of Defendant Earl's excessive force, Plaintiff suffered federal civil liberty violations, public humiliation, physical injury, medical expenses, lost wages, and mental and emotional distress.

3. **Failure to Intervene – Defendant Earl and John and Janes Does 1-10, Respectively**

51. Plaintiff realleges paragraphs 1 through 50 of this Complaint and incorporates them herein by reference.

52. Plaintiff brings this claim against Defendants, in their official capacity, pursuant to 42 U.S.C. § 1983 and for punitive damages.

53. At all material times, Defendant Deputies were acting under color of state law as agents and employees of Defendant County. Defendant Deputies wore their official CCSO uniform and were acting within the course and scope of their duties as Coahoma County Sheriff's Deputies at all times relevant to this cause of action.

54. Plaintiff asserts Defendant Deputies violated his federal constitutional guarantees of the Fourth Amendment, incorporated to the states by the Fourteenth Amendment, and his Substantive Due Process rights by failing to intervene as companion Deputies.

55. Deputies have a duty to protect individuals from constitutional violations by fellow Deputies. Therefore, a Deputy who witnesses a fellow Deputy violating an individual's constitutional rights is liable to the victim for failing to intervene.

56. Defendant Deputies failed to protect Plaintiff from a danger they proactively created and aggravated.

57. Defendant Earl unjustifiably drawing his weapon towards Plaintiff placed the Plaintiff in a substantial risk of harm.

58. Defendant Earl aggressively and unreasonably shoved Plaintiff into his vehicle. His actions were unnecessary and excessive considering the circumstances surrounding the incident.

59. Defendant Earl shoving Plaintiff's body into his vehicle caused physical harm to Plaintiff's person.

60. Defendant Earl withdrawing his duty weapon and shooting Plaintiff caused physical harm to Plaintiff's person.

61. Defendant Earl's actions and inactions were egregious and arbitrary, and summarily punished Plaintiff Pollard without due process of law.

62. Further, Plaintiff was subjected to and sustained substantial injury to his wrist as direct cause of Defendant Earl's conduct.

63. Defendant Deputies each failed to prevent one another from causing or placing Plaintiff in direct and an unreasonable risk of harm, further violating his federal civil liberties.

64. Defendant Deputies each had reason to know that a constitutional violation had been committed by the other, and Defendant Deputies had a realistic opportunity to intervene to prevent the risk of harm from occurring.

65. Defendant Deputies also shared a law enforcement association where each respectively understood the policies and procedures in detaining and/or arresting a suspect and that such policies and procedures that would immediately violate an individual's constitutional rights if not complied with.

66. As a direct and proximate cause of Defendant Deputies' actions and inactions, Plaintiff suffered federal civil liberty violations, public humiliation, physical injury, medical expenses, lost wages, and mental and emotional distress.

### B. CLAIM TWO: 42 U.S.C. § 1983 — MUNICIPAL LIABILITY

67. Plaintiff realleges paragraphs 1 through 66 of this Complaint and incorporate them herein by reference.

68. Plaintiff asserts that his constitutional rights were violated when Defendant Deputies when falsely arrested Plaintiff, retaliated against Plaintiff's use of his First Amendment right to speak freely, used excessive force to execute said arrest, and each Deputy respectively failed to intervene as he witnessed his fellow Deputy violate Plaintiff's constitutional rights.

69. Defendant County is also liable under 42 U.S.C. § 1983 for failing to supervise and

train its deputies. In addition, the County's failure to supervise and train its deputies, and the County's willful blindness towards the constitutional violations of its employees, constitute gross negligence and/or deliberate and conscious indifference to citizens' rights, including the right to be free from constitutional violations under 42 U.S.C. § 1983 and 1988.

70. Additionally, municipalities may be held liable under 42 U.S.C. § 1983 for constitutional torts that are committed pursuant to a policy, procedure, practice, or custom of the municipality. Even if the County's practice of overlooking constitutional torts was not authorized by an officially adopted policy, the practice may be so common and well-settled that it fairly represents official policy. *See Bd. of County Comm'rs of Bryan County v. Brown*, 520 U.S. 397, 404 (1997).

71. In the present case, the County's formal and informal actions reflect a policy, practice, custom and procedure authorizing and allowing constitutional rights violations. Consequently, the County is liable for harm caused to Plaintiff as a result of its policies, practices customs and procedures.

72. Defendant County is liable for the constitutional torts of Defendant Deputies because the County sanctioned the following customs, practices, and policies:

      (A)    Using unreasonable and excessive force to carry out detentions and/or arrests;

      (B)    Arbitrarily using arrests when they are not necessary or permitted by law;

      (C)    Ignoring the serious need for training and supervision of its Deputies regarding its policies and procedures when conducting detentions and/or arrests;

      (D)    Failing to adequately supervise and/or observe its Deputies;

      (E)    Failing to adequately train Deputies regarding the availability of alternative means other than the use of arrests, force, or excessive force without probable cause;

  (F)  Failing to discharge Deputies who have shown a pattern or practice of falsely arresting citizens;

  (G)  Failing to discharge Deputies who have shown a pattern or practice of using excessive force;

  (H)  Failing to adequately screen Officers who have shown a pattern or practice of using excessive force before hiring said officer; and

  (I)  Adopting a practice whereby Deputies who are unfit for peace Deputy duties, as shown by prior actions in the line of duty, are allowed to retain their positions.

73. At the time Defendant Deputies arrested Plaintiff, they were acting pursuant to an official County policy, practice, custom and procedure overlooking and/or authorizing police Deputy's excessive use of force and unlawful arrests. *See Monell v. New York County Dept. of Social Servs.*, 436 U.S. 658, 659 (1978).

74. Thus, Defendant County's failure to supervise and train its deputies, and its willful blindness towards the constitutional violations of its employees was a direct cause of Plaintiff's injuries.

### 1. <u>Failure to Train a Single Police Deputy</u>.

75. Plaintiff realleges paragraphs 1 through 74 of this Complaint and incorporates them herein by reference.

76. A County may be held liable for its failure to train a single deputy when the policymakers know about the pattern of unconstitutional misconduct and the Deputy's acts were so egregious that the County should have had clear warning that the particular Deputy posed a danger to citizens. *See Pineda v. County of Houston*, 124 F. Supp. 2d 1057, 1068 (S.D. Tex. 2000).

77. With respect to Defendant Deputies, the need for additional or different training was necessary considering the circumstance of this incident. Defendant County knew that Defendant Deputies were likely to engage in other acts of wrongful conduct, yet Defendant County continuously

failed to discipline, supervise, or train Defendant Deputies.

78. Defendant County's acts and omissions, when viewed objectively, involved an extreme degree of risk considering the probability and magnitude of harm to citizens. Defendant County had actual, subjective awareness of the risks involved, but nevertheless preceded with conscious indifference to the rights, safety, or welfare of others, including Plaintiff.

79. Thus, considering the substantial risks posed by Defendant Deputies, Defendant County's failure to train them constitutes gross negligence and/or deliberate and conscious indifference to the rights, safety, and welfare of others, including Plaintiff.

## VI. DAMAGES

80. Plaintiff realleges paragraphs 1 through 79 of this Complaint and incorporates them herein by reference.

81. In addition to the damages mentioned in the preceding paragraphs as a direct and proximate result of the intentional and unlawful conduct of Defendants, Plaintiff has suffered, and in reasonable probability, will continue to suffer damages.

82. In addition, Defendant Deputies are liable for compensatory and exemplary damages arising from their negligence and gross negligence.

## VII. ATTORNEY'S FEES

83. Plaintiff realleges paragraphs 1 through 82 of this Complaint and incorporate them herein by reference.

84. Plaintiff is entitled to recover attorney's fees and costs as required by the Civil Rights Attorney's Fees Award Act of 1976. 49 U.S.C. § 1988. Plaintiff hereby requests that the Court and jury award his attorney's fees and expenses.

## VIII. JURY DEMAND

85. Plaintiff respectfully demands a jury trial pursuant to FED. R. CIV. P. 8(b). Plaintiff

further respectfully demands a bench trial to hear his claims under the Mississippi Tort Claims Act.

## IX. PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that Defendants be cited to appear and answer herein, and that Plaintiff has judgment against Defendants, jointly and/or severally, for actual damages above the jurisdictional minimum of the Court; exemplary damages; pre-judgment interest; post-judgment interest, court costs, attorney's fees and expenses, and all other relief to which Plaintiff is justly entitled, at law or in equity. Plaintiff prays for relief in the amount of $2,000,000.00.

Respectfully submitted this the 17th day of September, 2020.

ATTORNEYS FOR PLAINTIFF

**/s/ John Keith Perry, Jr.**
John Keith Perry, Jr. (MSB No.: 99909)
Garret T. Estes (MSB No.:105517)
**PERRYGRIFFIN, P.C.**
5699 Getwell Road, Bldg. G, Suite 5
Southaven, MS 38672
Tele:   (662) 536-6868
Fax:    (662) 536-6869
Email: JKP@PerryGriffin.com
            GE@PerryGriffin.com