IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**MYRON POLLARD**                                                                                                     **PLAINTIFF**

**V.**                                  **CIVL ACTION NO. 4:20CV-166-GHD-JMV**

**COAHOMA COUNTY, MISSISSIPPI; ET AL.**            **DEFENDANTS**

*CONSOLIDATED WITH*

**MYRON POLLARD**                                                                                   **PLAINTIFF**

**V.**                                 **CIVL ACTION NO. 4:20CV-176-GHD-JMV**

**CHARLES JONES, SHERIFF OF COAHOMA
COUNTY, STATE OF MISSISSIPPI IN HIS OFFICAL
CAPCITY; ET AL.**                                                       **DEFENDANTS**

## ORDER STAYING CASE

Before the Court are Defendants Coahoma County Sheriff Department; Coahoma County, Mississippi; Charles Jones, Sheriff of Coahoma County; and Deputy Eddie Earl's motion to stay all proceedings [61] and motion for expedited review [62]; Plaintiff's response [63] in opposition to the motion to stay; and Defendants' reply to Plaintiff's response [64]. The Court has considered the submissions of the parties, the applicable law, and the record and finds the motions should be and are GRANTED.

The Court agrees with Defendants that the outcome of the state court criminal proceeding could impact, i.e., warrant dismissal of Plaintiff's false arrest claim. The Fifth Circuit has explained "that, following *Heck v. Humphry*, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994), district courts should stay § 1983 cases that may implicate the validity of the pending criminal proceedings until those underlying proceedings have run their course." *Gates v. Strain*, 885 F.3d 874, 883 (5th Cir. 2018) (citing *Mackey v. Dickson*, 47 F.3d 744, 746 (5th Cir. 1995)) ("The court may—indeed should—stay proceedings in the section 1983 case until the pending criminal case has run its course, as until that time it may be difficult to determine the relation, if any, between the two.")). Plaintiff did not address this issue and alleges no prejudice. Accordingly, all proceedings in this case are STAYED pending the outcome of the related criminal proceeding. A status conference will be set for no later than 120 days from the date of this order.

SO ORDERED this 4th day of November, 2021.

/s/ Jane M. Virden
UNITED STATES MAGISTRATE JUDGE